DETERMINED IN THE

# FOURTH DEPARTMENT,

AT

# GENERAL TERM,

## June, 1884.

---

IN THE MATTER OF THE APPLICATION OF THE NEW YORK WEST SHORE AND BUFFALO RAILWAY COMPANY TO ACQUIRE TITLE TO CERTAIN REAL ESTATE OF WHICH WILLIAM A. JUDSON AND SARAH J. JUDSON ARE THE OWNERS OR PERSONS INTERESTED THEREIN.

*Report of commissioners to appraise damages on taking land for a railroad — appeal from the order confirming the report — errors in the minutes of the testimony must be corrected by an application to the commissioners and not to the court.*

Where, upon an appeal from an order confirming the report of commissioners, appointed to appraise the damages to be occasioned by the taking of land for the purposes of a railroad, the respondent claims that the minutes of the testimony annexed to the report are defective, in that certain admissions made by the appellant's counsel are omitted therefrom, and moves to have the said minutes corrected, the court should, in the absence of all claims of bad faith or culpable irregularity upon the part of the commissioners, refuse to determine the question and should allow an application to be made to the commissioners upon proper notice to have the minutes corrected so as to conform to the facts, and when so corrected to be filed *nunc pro tunc*.

APPEAL by the landowners from the order of the Oswego Special Term denying a motion to correct the printed case.

Upon the hearing before the commissioners, a stenographer was employed to take minutes, and his report of the testimony and proceedings was attached to the report of the commissioners as being the minutes of the testimony taken by them.

The report of the commissioners having been confirmed at Special Term, the Railway Company appealed from the order of confirmation to the Special Term.

The printed papers on such appeal having been served, the respondents therein, the landowners, made a motion at Special Term to have them corrected, claiming that they were defective in that they did not contain a certain admission of the attorney of the Railway Company as to the title of the landowners, and also an objection of the landowners based on such admission. The commissioners certified to such defects.

On the part of the company it was denied that there was any such admission or objection. It was held at Special Term that upon the whole case the landowners failed to show themselves entitled to the amendments asked for.

*E. J. Richardson* and *A. L. Johnson*, for the landowners.

*P. B. McLennon*, for the company.

MERWIN, J. :

By the statute the commissioners were required to reduce the testimony taken by them, if any, to writing, and to make a report of their proceedings, "with the minutes of the testimony taken by them, if any." (2 R. S. [7th ed.], 1551, § 16.)

The minutes are therefore a part of the report, and as such are filed and become a part of the case on appeal. If either side claims that the minutes as returned are incorrect, the query with us is whether the commissioners are not the ones to settle that matter in analogy to the settlement of a case on an appeal from a trial court. If the court, either at Special or General Term, should undertake on conflicting affidavits, to determine what evidence was taken or what admissions or objections were made before the commissioners, would it not be recognizing a rule of practice that in its operation would naturally lead to undesirable results? Would not this in effect allow a report to be contradicted and impeached by affidavit. (See *Roch. and Gen. Valley R. R. Co.* v. *Beckwith*, 10 How., 168; *N. Y. and Erie R. R. Co.* v. *Corey*, 5 How., 177.) The commissioners act in a judicial character with limited powers, and it is their record as a judicial body that comes up on appeal. Should the'

appellate court, in the absence of bad faith or culpable irregularity, undertake to say for them what their record should be? We think not.

It seems to be conceded upon both sides that the amendments claimed are of a material character. Upon the papers before us it looks somewhat doubtful about an admission having been as formally made as is claimed by the landowners. Still at that stage of the case it may be that the attorney for the company supposed that the fee of the title was in Mr. Judson, but incumbered by a street; while at a subsequent period in the case, upon further information, it was claimed that the fee in that part covered by the street was out of Mr. Judson. An argument in this line might harmonize to some extent the conflicting views of the parties.

No bad faith is charged upon the commissioners, nor any irregularity. They did not in fact pass upon the correctness of the stenographer's minutes prior to their being attached to and filed with their report. It was assumed that they were correct. We think we should assume that in case the commissioners are called upon to settle in fact the minutes, it will be done with proper regard for what in fact occurred.

In our opinion the report should be sent back to the commissioners for them to settle the minutes upon a hearing on notice. We must therefore reverse the order and allow the appellants to apply to the commissioners to correct the minutes of the testimony and proceedings had before them upon *eight* days' notice. If the commissioners or a majority of them shall after hearing the parties conclude that the minutes filed are incorrect, they may correct them in such manner as shall make them conform to the evidence and admissions or objections in fact taken or made, and the corrected minutes may be filed with the clerk *nunc pro tunc.*

As the question involved is new, the reversal will be without costs to either party.

HARDIN, P. J., concurred; FOLLETT, J., not sitting.

Order reversed, and leave given to apply to the commissioners upon eight day's notice to amend their minutes of testimony and proceedings, and if they, or a majority of them, shall allow any

amendments, they shall certify and return the same to the county clerk who may file the same and attach them to the original report *nunc pro tunc.*